There was an exception to the court's charge on accomplice testimony. The charge substantially follows that in Campbell v. State, 57 Tex. Cr. R. 302, 123 S. W. 583, which has been frequently criticized by this court. See Walker v. State (Tex. Cr. App.) 252 S. W. 546; Abbott v. State (Tex. Cr. App.) 250 S. W. 188. We can add nothing to what we have said in these last-named opinions.

[3] We are of opinion that the court should have submitted to the jury the question as to whether or not the witness Haydon Riddle was an accomplice. Riddle admitted that he thought certain goods ·were stolen. He assisted in the transportation of said goods, and was present when some of them were sold by one admittedly a participant in the burglary after being so transported by him. He seems to have aided and participated in the further removal of said goods. In our opinion his connection with the goods after the alleged burglary was such as to require the court to at least submit the question to the jury as to whether or not he was an accomplice.

The judgment will be reversed, and the cause remanded.

---

### MIKOLOJSAK v. STATE.　(No. 7918.)

(Court of Criminal Appeals of Texas. Dec. 19, 1923.)

1. **Criminal law  ⇐419, 420(11), 1169(1)— Testimony in prosecution for nonsupport held hearsay and prejudicial.**

In a prosecution for failing to support, where prosecutrix's testimony, relied upon by the state, was very unsatisfactory, testimony that, while witness and defendant's mother were seeking to secure aid in setting aside defendant's marriage, the mother had said, "He is not going to stay long," defendant being at the time living on his mother's farm, *held* hearsay, and its admission prejudicial and grounds for reversal.

2. **Criminal law  ⇐717—Reading law to jury during argument not error.**

Conduct of counsel in reading the law to the jury during argument, after the court has instructed on the law, does not present error, in the absence of any showing as to what was

read, though there would seem to be little occasion for such practice.

Appeal from Washington County Court.

Tado Mikolojsak was convicted of failure to support his wife, and he appeals. Reversed and remanded.

B. F. Teague and W. J. Embrey, both of Brenham, for appellant.

Tom Garrard, State's Atty., of Midland, and Grover C. Morris, Asst. State's Atty., of Devine, for the State.

HAWKINS, J. Conviction is for failure to support the wife; punishment assessed at a fine of $150.

The state depended almost entirely upon the testimony of appellant's wife. It is so confusing and contradictory as to be most unsatisfactory. At the time she left appellant they were living upon the Kitowski place. Mrs. Kitowski was appellant's mother. Prior to the time they moved to the latter place they had lived upon a place belonging to the father of prosecutrix. Her testimony is that while living upon her father's place appellant at one time hit her with a shotgun, knocking her down, rendering her unconscious, and at another time threw a lighted lamp on the floor, being mad at the time. As a result of this she left him and went to her father's, but only remained there a few days, when she returned to, and again lived with, appellant. They had been living on the Kitowski place about eight months at the time of the separation, and prosecutrix claimed that she left her husband and went to her father's to live because her husband told her he would not live with her any more, and told her to leave; that he did not contribute anything to her support after she returned to her father's. It appears further in her testimony that her father desired them to move from his place some time before the new year in 1920; that she did not want to move because she says she wanted to live with her husband, but would not live on the Kitowski place with him because "they didn't treat me right"; that he did provide her with provisions and clothing before she left him. There is no evidence in the record showing that appellant's mother or her husband, Frank Kitowski, or any one else living at the Kitowski place had treated prosecutrix unkindly. Prosecutrix admitted that she told Nellie Kitowski that she would live with her husband on anybody's place except Frank Kitowski's, but did not want to live on that place. Notwithstanding prosecutrix had testified that her husband had knocked her down with a gun, threatened to kill her, and thrown the lighted lamp on the floor at the time they lived on her father's place, she also testified that they got along all right until they moved to the Kitowski place. Appellant was working in the field at the time

prosecutrix left his home, and she later returned and took practically all the personal property they had, claiming it was her separate property.

[1] With the testimony before the jury in the unsatisfactory condition shown from the foregoing recital, the state introduced as a witness one Mike Mikolojak, and proved by him over appellant's objection that at one time he and appellant's mother came to Brenham, and that she sought to procure his assistance to set aside the marriage of appellant and prosecutrix, during which conversation the mother (referring to appellant) said: "He is not going to stay long." This transaction and conversation did not occur in appellant's presence and was hearsay. It may have turned the scales against appellant in the minds of the jury. It was a circumstance with which appellant had no connection or knowledge so far as the record shows. If prosecutrix had information about the matter, it may have explained why prosecutrix did not desire to live on Mrs. Kitowski's place, but the statement of appellant's mother indicating that he was not going to remain with prosecutrix long, in connection with the other matters testified to, was injurious to appellant, and should not have been introduced against him. Many cases will be found in which this court has declined to reverse because of the admission of hearsay testimony where it is not of an injurious nature, but under the facts presented in the present case we cannot regard the testimony complained of as of that character.

Special instructions were requested by both the state and appellant, relative to the duty and right of the husband as the head of the family to select the place of residence. The learned trial judge gave both special charges, and the point is made that they were contradictory of one another and therefore confusing to the jury. The case must be reversed for the error heretofore discussed, and we only suggest that in the event of another trial the charge of the court should be so worded as to eliminate any apparent contradiction.

[2] Appellant complains that the court permitted counsel for the state to read to the jury the law on the case from many law books. Objections were made to this procedure for various reasons, but the bills are defective in that they fail to show what was read to the jury, and we are therefore not in a position to say whether it was injurious. After a charge of the court, under our present practice, has been submitted to attorneys, and the court has read it to the jury before argument begins, we can see little occasion for the attorneys to read the law to the jury, other than as contained in the charge.

For the errors suggested, the judgment must be reversed, and the cause remanded.